# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY DIVISION

ZAIN NABAWI,

    Petitioner,

v.                                         Case No. 5:22-cv-00097

KATINA HECKARD, Warden, FCI Beckley

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

    This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for initial review and submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and Respondent's Motion to Dismiss Petition (ECF No. 8).

### I.    *RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

    At the time he filed the instant § 2241 petition, Petitioner was incarcerated at FCI Beckley in Beaver, West Virginia, serving a sentence imposed by the United States District Court for the Eastern District of Missouri following his conviction for distribution of heroin and possession of a firearm in furtherance of a drug trafficking crime. (ECF No. 7, Ex. 1). Petitioner filed this action seeking application of Earned Time Credit ("ETC")[1] under the First Step Act of 2018. (ECF No. 1). However, following briefing of the

---

[1] Respondent uses the term "Federal Time Credit" or "FTC" when referring to the First Step Act credit sought. However, the undersigned will hereinafter use the acronym ETC.

petition, in which Respondent asserted that Petitioner had not exhausted his administrative remedies and was otherwise not eligible for ETC credit, Petitioner was released from BOP custody on June 2, 2023. Thus, Respondent filed the instant Motion to Dismiss Petition (ECF No. 8) asserting that the petition is now moot.

## II. DISCUSSION

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). When a case or controversy no longer exists, the claim is said to be "moot." In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 F. App'x 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, No. 3:06-cv-11, 2007 WL 2897942 (N.D.W. Va. 2007). As noted above, Petitioner has been released from BOP custody; thus, this court cannot grant him his requested relief.

## III. RECOMMENDATION

The undersigned proposes that the presiding District Judge **FIND** that Petitioner's § 2241 petition is now moot due to his release from BOP custody. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Respondent's Motion to Dismiss Petition (ECF No. 9), **DENY AS MOOT** Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), and dismiss this matter

from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   A copy of such objections shall be served on the opposing party and Judge Volk.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to Petitioner at his last known address and to transmit a copy to counsel of record.

October 16, 2023

Dwane L. Tinsley
United States Magistrate Judge