UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

ZAIN NABAWI,

    Petitioner,

v.                                                      CIVIL ACTION NO. 5:22-cv-00097

KATINA HECKARD,
Warden, FCI Beckley,

    Respondent.

## ORDER

Pending are (1) Petitioner Zain Nabawi's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. 1], filed February 24, 2022; and (2) Respondent Warden Katina Heckard's Motion to Dismiss Petition [Doc. 8], filed August 8, 2022. This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Tinsley filed his PF&R on October 16, 2023. Magistrate Judge Tinsley recommended that the Court deny Mr. Nabawi's Petition as moot given his release from custody, grant Warden Heckard's Motion to Dismiss, and dismiss this matter from the docket.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's

right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on November 2, 2023. No objections were filed.[1]

Accordingly, the Court **ADOPTS** the PF&R [**Doc. 9**], **DENIES AS MOOT** Mr. Nabawi's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [**Doc. 1**], **GRANTS** Warden Heckard's Motion to Dismiss [**Doc. 8**]**,** and **DISMISSES** this matter from the docket.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER: November 13, 2023



Frank W. Volk
United States District Judge

---

[1] On October 16, 2023, a copy of the PF&R was mailed to Mr. Nabawi at FCI Beckley but was returned as undeliverable on October 30, 2023. [Doc. 10]. At this writing, the Bureau of Prisons' Inmate Locator indicates Mr. Nabawi was released from custody on June 2, 2023. Inasmuch as Mr. Nabawi has failed to keep the Court apprised of his current address as required by *Local Rule of Civil Procedure* 83.5, this matter is ripe for adjudication.